UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STANLEY OLIVER,

    Plaintiff,

v.

OAKLAND COUNTY SHERIFF'S
OFFICE and JOHN DEAN,

    Defendants.
_____/

Case No. 24-cv-11525

Hon. Sean F. Cox
United States District Court Judge

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT**
**(ECF No. 4)**

Defendants Oakland County Sheriff's Office and sheriff's deputy John Dean move the Court under Federal Rule of Civil Procedure 12(e) to order Plaintiff Stanley Oliver to make a more definite statement of his pleadings. Defendants' motion has been fully briefed and the Court ordered its submission without a hearing pursuant to Local Rule 7.1(f)(2). Oliver's four-count complaint alleges that Defendants violated his rights during a traffic stop in Pontiac, Michigan, on December 14, 2021.

Count I of Oliver's complaint is entitled "42 U.S.C. §1983 – Violation of the 4th and 14th Amendments," and states, "The conduct of the Defendants in using excessive force violated Plaintiff's rights," and, "On December 14, 2021, Defendants, without probable cause, arrested the plaintiff." (ECF No. 1, PageID.5). Count II is entitled "42 U.S.C. §1983 – Violation of the 1st and 14th Amendments," and states, "Plaintiff was exercising his right to free speech and protest immediately prior to his unlawful seizure." (*Id.* at 7). Count III is entitled "42 U.S.C. §1983 – Unlawful Arrest Without Probable Cause," and states, "Plaintiff was attempting to drive

1

his vehicle when he was pulled over without probable cause." (*Id.* at 8). And Count IV is entitled "42 U.S.C. §1983 – Violation of the 4th and 14th Amendments," and states that Oakland County sheriff's deputies have wrongfully stopped Oliver on prior occasions. (*Id.* at 9).

As relevant to Defendants' motion, Rule 12(e) states that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "[M]otions for more definite statements are disfavored" and "are appropriately granted only if there is a major ambiguity or omission in the complaint that renders it unanswerable." *Farah v. Martin*, 122 F.R.D. 24, 25 (E.D. Mich. 1988).

Here, Oliver's complaint is not unanswerable. Oliver asserts a cause of action under 42 U.S.C. § 1983, which permits plaintiffs to recover from certain defendants for violating their federal rights. And Oliver alleges that Defendants violated his federal rights by unreasonably seizing him, using excessive force against him, and retaliating against him for exercising his right to free speech during a traffic stop in Pontiac, Michigan, on December 14, 2021.

Defendants argue that Oliver's complaint is unanswerable because it does not explain *how* they violated his federal rights. But a plaintiff's failure to allege facts sufficient to make out a *prima facie* claim is properly raised in a pre-answer motion to dismiss. And it seems unlikely that ordering Oliver to make a more definite statement would accomplish anything because he states that his complaint already includes all the relevant facts known to him. Accordingly, **IT IS ORDERED** that Defendants' motion for a more definite statement (ECF No. 4) is **DENIED**.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: January 14, 2025