UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STANLEY OLIVER,

    Plaintiff,

v.

OAKLAND COUNTY SHERIFF'S
OFFICE and JOHN DEAN,

    Defendants.
_____/

Case No. 24-cv-11525

Hon. Sean F. Cox
United States District Court Judge

**OPINION & ORDER
GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO DISMISS (ECF No. 17)**

The plaintiff brings constitutional claims against a sheriff's deputy and a county sheriff's office stemming from a traffic stop. The defendants now move to dismiss, and only the plaintiff's false-arrest claim against the deputy survives that motion. The Court accordingly shall dismissal all the plaintiff's claims except his false-arrest claim against the deputy.

**BACKGROUND**

Plaintiff Stanley Oliver alleges the following facts. Oliver was driving a car in Pontiac, Michigan, on December 14, 2021, when he was pulled over by Oakland County sheriff's deputy John Dean. Dean told Oliver "that he was pulling [Oliver] over because [Oliver's] license plate wasn't coming up in a search and that [Oliver] should not have been driving such a vehicle because there were no dealerships in the area." (ECF No. 1, PageID.4). Oliver responded that his plates were proper because he owns a dealership. Dean called for backup, and several other officers arrived on the scene. Dean told Oliver he could smell alcohol on Oliver's breath, and Dean performed a field sobriety test on Oliver. Dean then told Oliver he had failed the sobriety test, arrested Oliver, and took Oliver to jail.

When Deputy Dean and Oliver arrived at the jail, Dean asked Oliver whether he would take a breathalyzer test. Oliver refused and told Dean to take him to the hospital. On the way to the hospital, Dean told Oliver that he had stopped Oliver because of an improper lane change. When Dean and Oliver arrived at the hospital, Dean released Oliver and said he would receive a ticket in the mail. Oliver later received documents stating he was charged with operating a vehicle while intoxicated and improperly changing lanes. Oliver retained an attorney to fight the charges, which were ultimately dropped following a hearing. While preparing for that hearing, Oliver's attorney learned that Dean had not run Oliver's plate before he stopped Oliver.

This action followed. Oliver seeks damages from Deputy Dean and the Oakland County Sheriff's Office under 42 U.S.C. § 1983. Oliver's complaint contains four counts. Under Count I, Oliver states that he "had a constitutional right under the Fourth Amendment not to be subjected to the use of excessive force by the Defendants" and "[t]he conduct of the Defendants in using excessive force violated [his] rights." (*Id.* at 5). This sounds like an excessive-force claim. *See Hicks v. Scott*, 958 F.3d 421, 435 (6th Cir. 2020) ("The Fourth Amendment's prohibition against unreasonable seizures prohibits the use of excessive force.").

Oliver also states under Count I that he had a "right to be free from unlawful searches and seizures" and that Defendants arrested him "without probable cause" on December 14, 2021. (ECF No. 1, PageID.5). This sounds like a false-arrest claim. *See Wood v. Eubanks*, 25 F.4th 414, 421 (6th Cir. 2022) ("To prevail on a false arrest claim under § 1983, 'a plaintiff must prove that the arresting officer lacked probable cause to arrest the plaintiff.'" (quoting *Tlapanco v. Elges*, 969 F.3d 638, 652 (6th Cir. 2020))).

Under Count II, Oliver states that he "has the right to be free of retaliatory action motivated by his exercise of his First Amendment rights" and he "was exercising his right to free speech and protest immediately prior to his unlawful seizure." (ECF No. 1, PageID.at 7, 8).

2

Oliver additionally states that Defendants' "use of unlawful excessive force, unlawful seizure, and unlawful detention, were all in retaliation against [his] exercise of free speech and protest as well [sic] his constitutional [sic] to refuse an invalid arrest." (*Id.* at 7). This sounds like a First Amendment retaliation claim. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc) ("[R]etaliation for the exercise of constitutional rights is itself a violation of the Constitution.").

Count III is entitled "unlawful arrest without probable cause."[1] (ECF No. 1, PageID.8 (capitalization normalized)). Under this heading, Oliver alleges that he "was attempting to drive his vehicle when he was pulled over without probable cause," and that "Defendants had no actual knowledge nor reasonably trustworthy information that [he] had or was about to commit a crime." (*Id.*). This also sounds like a false-arrest claim, and this claim is ostensibly coextensive with the false-arrest claim Oliver attempts to plead under Count I.

Last, under Count IV, Oliver repeats that Defendants violated his right to be free from excessive force. Oliver additionally states that Oakland County sheriff's deputies have pulled him over three other times in the past: (1) for not using his turn signal before he turned into his own driveway in November 2020; (2) for being on the phone while driving past a police vehicle that had its emergency lights activated; and (3) for driving a car with a dealer's license plate that did not match the car. (Oliver does not say when the latter two interactions occurred.) As such, Oliver seemingly attempts to plead constitutional claims in connection with these three other interactions.[2]

---

[1] Because Oliver explicitly challenges his arrest but not his subsequent prosecution for operating a vehicle while intoxicated and improperly changing lanes, the Court presumes he does not attempt to plead a malicious-prosecution claim. *See Sykes v. Anderson*, 625 F.3d 294, 308–10 (6th Cir. 2010) (explaining that the constitutional torts of malicious-prosecution and false-arrest remedy unconstitutional prosecutions and arrests, respectively).

[2] Oliver's complaint does not discuss the Equal Protection Clause, so the Court presumes he does not attempt to plead an equal-protection claim.

After Oliver filed this action, Defendants moved for a more definite statement. Oliver did not timely respond to Defendants' motion, and the Court ordered Oliver to show cause. Oliver then filed a response, and the Court vacated its show-cause order. Defendants now move to dismiss, and the Court grants in part and denies in part that motion for the following reasons.

## STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). And "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## ANALYSIS

Defendants argue that Oliver's claims fail because Deputy Dean is entitled to qualified immunity and the Oakland County Sheriff's Office is not a proper defendant under § 1983.[3] Dean is entitled to qualified immunity from all Oliver's claims against him except Oliver's false-arrest claim, and Oliver concedes that the Sheriff's Office is not a proper defendant. Thus, only Oliver's false-arrest claim against Dean survives Defendants' motion to dismiss.

**I.    Oliver's Claims Against Deputy Dean**

Defendants argue that Deputy Dean is entitled to qualified immunity. If Defendants are right, then Dean is immune from this action. *See Johnson v. Moseley*, 790 F.3d 649, 652–53 (6th Cir. 2015). Dean is entitled to qualified immunity unless Oliver "plead[s] facts that, viewed in the light most favorable to [Oliver], make out a violation of a constitutional right so clearly

---

[3] Defendants also note that Oliver filed a nearly identical action against them in this Court in June 2023, and that this Court dismissed that earlier action. *See Oliver v. Oakland Cnty. Sheriff's Off.*, No. 23-cv-11330 (E.D. Mich. dismissed Oct. 30, 2023). But Defendants do not argue that the dismissal of this earlier action precludes Oliver from litigating the instant action.

4

established in a particularized sense that a reasonable officer confronted with the same situation [as Dean] would have known that [Dean's] conduct violated [Oliver's] right." *Id.* at 653 (emphasis omitted). And Oliver's "allegations must demonstrate that [Dean], through his or her own individual actions, personally violated [Oliver]'s rights under clearly established law." *Id.* (emphasis omitted).

Oliver attempts to plead four theories of constitutional-tort liability. *First*, Oliver seeks to recover for Oakland County sheriff's deputies' conduct during three interactions before Deputy Dean pulled him over on November 14, 2021. But Oliver does not allege Dean was personally involved in those pre-November 14, 2021 interactions. Oliver accordingly fails to plead that Dean personally violated his federal rights in connection with those three interactions, and Dean is entitled to qualified immunity from Oliver's claims arising from those interactions.

*Second*, Oliver attempts to plead a First Amendment retaliation claim. That claim has three elements: (1) "that [Oliver] was 'engaged in protected conduct,'" (2) "that [Deputy Dean] took adverse action against him 'that would deter a person of ordinary firmness from continuing to engage in that conduct,'" and (3) "that the protected conduct caused the adverse action, at least in part." *Susselman v. Washtenaw Cnty. Sheriff's Off.*, 109 F.4th 864, 871 (6th Cir. 2024) (quoting *Thaddeus-X*, 175 F.3d at 394). With respect to the protected-conduct element, Oliver alleges that he "was exercising his right to free speech and protest immediately prior to his unlawful seizure." (ECF No. 1, PageID.7). But this is a mere legal conclusion—Oliver pleads no *facts* showing that he was engaged in First Amendment conduct. Dean is therefore entitled to qualified immunity from Oliver's First Amendment retaliation claim.

*Third*, Oliver attempts to plead an excessive-force claim. To prevail on that claim, Oliver must prove that Deputy Dean's actions were "'objectively [un]reasonable' in light of the facts

5

and circumstances confronting [Dean], without regard to [Dean's] underlying intent or motivation." *Reed v. Campbell County*, 80 F.4th 734, 748 (6th Cir. 2023) (quoting *Coffey v. Carrol*, 933 F.3d 577, 588 (6th Cir. 2019)). In his response to Defendants' motion to dismiss, Oliver states that "Oakland County officers have stopped him without probable cause or for perfunctory reasons four times in four years." (ECF No. 19, PageID.93 (emphasis omitted)). According to Oliver, this shows that Defendants "seem to be targeting [him], profiling [him], or both." (*Id.*). And Oliver's does not specifically address his First Amendment retaliation, excessive-force, or false-arrest claims. Oliver accordingly relies on Dean's subjective intent to make out his excessive-force claim, which he cannot do. Dean is entitled to qualified immunity from Oliver's excessive-force claim.

*Fourth* and last, Oliver attempts to plead a false-arrest claim, *i.e.*, that Deputy Dean "lacked probable cause to arrest" him. *Tlapanco*, 969 F.3d at 652 (quoting *Voyticky v. Village of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005)). And Dean lacked probable cause to arrest Oliver if "the facts and circumstances within [Dean's] knowledge and of which [Dean] had reasonably trustworthy information [were] [in]sufficient to warrant a prudent man in believing that [Oliver] had committed or was committing an offense." *Id.* (quoting *Wesley v. Campbell*, 779 F.3d 421, 429 (6th Cir. 2015)).

Oliver alleges that Deputy Dean "had no actual knowledge nor reasonably trustworthy information that [Oliver] had or was about to commit a crime." (ECF No. 1, PageID.8). Taking this allegation as true, Dean arrested Oliver without probable cause. And further discovery is necessary to determine whether a reasonable officer in Dean's position would have realized as much. *See Anders v. Cuevas*, 984 F.3d 1166, 1175 (6th Cir. 2021) ("'[I]t is often perilous to resolve a Rule 12(b)(6) motion on qualified immunity grounds' because development of the

6

factual record is frequently necessary to decide whether the official's actions violated clearly established law." (alteration in original) (quoting *Singleton v. Kentucky*, 843 F.3d 238, 242 (6th Cir. 2016))).

Defendants respond that Deputy Dean "stop[ped] [Oliver] because he believed [Oliver] had violated a traffic law." (ECF No. 17, PageID.81). But Oliver does not seek to recover for an unlawful investigatory stop; he seeks damages for an unlawful *arrest*. *See United States v. Pearce*, 531 F.3d 374, 379–85 (6th Cir. 2008) (distinguishing investigatory stops from arrests). Dean's subjective beliefs, moreover, are irrelevant to whether he lawfully arrested Oliver.

Defendants also point to *Hensley v. Gassman*, 693 F.3d 681 (6th Cir. 2012), for the proposition that "similar facts have not resulted in a finding of state action and a finding of a clearly established constitutional violation[]." (ECF No. 17, PageID.81). But *Hensley* does not help Deputy Dean. *Hensley* reversed the district court's determination that the defendants were not entitled to qualified immunity from the plaintiff's constitutional claim. *Hensley*, 693 F.3d at 694 ("[T]he district court erred in its qualified immunity analysis. The Deputies' motion for summary judgment based on qualified immunity should have been denied.").

Last, Defendants argue that Oliver's claims against Deputy Dean should be dismissed under Federal Rule of Civil Procedure 41(b), which states that courts may dismiss actions for failure to comply with "a court order." Fed. R. Civ. P. 41(b). According to Defendants, Oliver did not properly respond to the Court's order directing him to show cause for his failure to respond to their motion for a more definitive statement. But the Court vacated that show-cause order, so Oliver cannot be sanctioned for violating it.

In sum, Oliver's only claim against Deputy Dean that survives Defendants' motion to dismiss is his false-arrest claim.

**II.     The Oakland County Sheriff's Office**

As with Deputy Dean, Oliver seeks damages from the Oakland County Sheriff's Office under § 1983. That statute permits plaintiffs to recover against "[e]very person" who violates his or her federal rights under color of state law. § 1983. Defendants argue that Oliver's claims against the Sheriff's Office fail because the Sheriff's Office is not a "person" under § 1983, and Oliver concedes as much in his response.[4] *See also Veliz v. Bouchard*, No. 05-60039, 2008 WL 719251, at *1 (E.D. Mich. Mar. 14, 2008) ("[T]he [§ 1983] claim against the Oakland County Sheriff's Department shall be dismissed, as under Michigan law the Sheriff's Department is not a separate legal entity from Oakland County, and therefore not subject to suit."). Oliver's claims against the Sheriff's Office accordingly fail.

## CONCLUSION & ORDER

Only Oliver's false-arrest claim against Deputy Dean survives Defendants' motion to dismiss. Accordingly, **IT IS ORDERED** that Defendants' motion to dismiss (ECF No. 17) is **GRANTED in part and DENIED in part** pursuant to Local Rule 7.1(f)(2). Defendants' motion is **GRANTED** to the extent that it seeks dismissal of: (1) Oliver's claims against Dean stemming from the three incidents before November 14, 2021; (2) Oliver's First Amendment retaliation claim against Dean; (3) Oliver's excessive-force claim against Dean; and (4) all Oliver's claims against the Oakland County Sheriff's Office. Defendants' motion is **DENIED** in all other respects.

---

[4] Oliver also says that the Court should permit him to amend his complaint, but he never filed any motion to amend. *C & L Ward Bros., Co. v. Outsource Sols., Inc.*, 547 F. App'x 741, 745 (6th Cir. 2013) (explaining that where no motion to amend a complaint is pending, "[d]efendants [are] entitled to a review of the complaint as filed pursuant to Rule 12(b)(6)" and "[p]laintiffs [are] not entitled to an advisory opinion from the Court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies" (emphasis omitted) (quoting *Begala v. PNC Bank*, 214 F.3d 776, 784 (6th Cir. 2000)).

8

**IT IS SO ORDERED.**

                                                  s/Sean F. Cox
                                                  Sean F. Cox
                                                  United States District Judge

Dated:  May 20, 2025